HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CESAR L. MARTINEZ,

    Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

No. 06-5624 RBL

ORDER

This matter is before the Court on plaintiff Cesar L. Martinez's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2421 [Dkt. #19]. The Court has reviewed the parties' briefs and the file herein and rules as follows:

**I. BACKGROUND**

Cesar Martinez is a 49-year-old man who alleges a disability due to an ankle disorder, diabetes, and a left shoulder problem [Report and Recommendation, Dkt. #15, pp. 1-2]. In 2005, Mr. Martinez filed an application for disability benefits with the Social Security Administration (the "Administration") but was initially denied [*Id.* at p. 2].

Mr. Martinez subsequently sought and received an administrative hearing to challenge the denial. As part of its disability determination, the Administration uses a sequential evaluation process; at step four of that process, the claimant is required to show that he is unable to return to his past relevant work. In evaluating Mr. Martinez's showing in this regard, the administrative law judge ("ALJ") heard testimony from Mr. Martinez as well as a vocational expert [*Id.* at p.16].

The vocational expert testified that Mr. Martinez performed the job of store manager and, citing to the Dictionary of Occupational Titles ("DOT") 186.167-042 (market manager), further testified that the job did not require the performance of tasks precluded by the claimant's residual functional capacity [Tr. 302]. Based in part on this testimony, the ALJ determined that Mr. Martinez was capable of returning to his past relevant work as a store manager, stating:

> The claimant worked as a store manager from 1987 to 1993 (Exhibit 3E, claimant's testimony). In comparing the claimant's residual functional capacity with the physical demands of this work, the undersigned finds that the claimant is able to perform it as it was actually performed. The vocational expert testified that this job is sedentary and skilled work which does not require the performance of tasks precluded by the claimant's residual functional capacity. The testimony of the vocational expert is consistent with the Dictionary of Occupational Titles and is accepted as credible.

[Tr. 32]. The ALJ ultimately denied benefits.

After his request for review was denied by the Appeals Council, thus making the ALJ's decision final, Mr. Martinez filed a complaint with this Court seeking judicial review. Mr. Martinez advanced numerous instances of claimed error, including the ALJ's above-described determination that Mr. Martinez was capable of returning to his past relevant work [Dkt. #10, pp. 11-12]. In regard to that particular determination, Mr. Martinez noted that the DOT description used by the vocational expert was not the job he actually performed in the past and that DOT 185.167-046 (retail store manager) evinced a more accurate description of Mr. Martinez's former job [*Id*. p. 23].[1]

The government agreed that the retail store manager description more closely resembled Mr. Martinez's job than what was relied upon by the vocational expert. However, the government argued that the ALJ's determination that Mr. Martinez could return to his former work should stand despite the flaws in the vocational expert's testimony. Specifically, the government asserted that the distinction between the job descriptions was immaterial because, at this step, the *claimant* is the primary source of information regarding past work and that, while useful, testimony by a vocational expert is not required at step four [Dkt. #12, p. 14]. Because Mr. Martinez testified that he performed no significant lifting at his work, the government asserted that the ALJ properly determined that Mr. Martinez could return to his past work as a store manager as he had performed the job [*Id*. p. 15].

---

[1] According to the DOT, the market manager job is performed at the sedentary work level, whereas the retail store manager position is defined as being light work. DOT 186.167-042; DOT 185.167-046.

ORDER
Page - 2

In her Report and Recommendation, Magistrate Judge Strombom rejected the government's arguments, noting: "[w]hile the ALJ did state in his decision that he found plaintiff able to perform his past job as a store manager as he actually did it, it is not clear he solely relied on plaintiff's testimony in so finding." Because the proper DOT description defined Mr. Martinez's job as "light work," and the ALJ found Mr. Martinez capable of performing only a modified range of light work, Judge Strombom recommended remand "for further vocational testimony to determine whether plaintiff is capable of performing his past job ... either as he actually performed it or as it is generally performed in the national economy." [Dkt. #15, p. 17].

After this Court approved the Report and Recommendation, Mr. Martinez brought the present motion to recoup attorney's fees.

## II. DISCUSSION

Mr. Martinez argues that he is entitled to attorney's fees under the EAJA because he was the prevailing party and because the government's position, both at the administrative and judicial levels, was not substantially justified. Conversely, the government asserts that its position throughout the proceedings was substantially justified and that Mr. Martinez is therefore not entitled to fees. In the alternative, the government argues that Mr. Martinez's calculation of fees is excessive and should be modified accordingly.

**A. "Substantially Justified"**

Under the EAJA, "courts are required to grant costs and attorneys' fees to a prevailing party unless the government can demonstrate that its position was substantially justified." *Andrew v. Bowen*, 837 F.2d 875, 878 (9th Cir. 1988). A position is substantially justified if it meets "the traditional reasonableness standard – that is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.'" *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (internal citations omitted). Additionally, "a position can be justified even though it is not correct ... if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). The substantial justification standard does not require justification to a high degree; a position is substantially justified if there is a "genuine dispute ... or if reasonable people could differ as to the appropriateness of the contested action." *Id.* at 565.

In examining whether the government's position was substantially justified, the Court looks to both the underlying action (the government action that precipitated the litigation) and the government's

litigation posture. *Rawlings v. Heckler*, 725 F.2d 1192, 1195 (9th Cir. 1984). Thus, in this case, the Court looks to the ALJ's decision as well as the government's position throughout the litigation to determine whether the position of the United States was substantially justified.

The thrust of the government's argument is that the ALJ's step four determination, and the government's defense of that determination before this Court, was reasonably grounded in law and fact, and therefore substantially justified, because 1) the law does not require an ALJ to rely on a vocational expert's testimony at step four, and 2) the ALJ had sufficient testimony from Mr. Martinez to determine that he was capable of performing his job as he actually performed it in the past. In support, the government cites to the agency's own policy statements outlining that the claimant is to be the primary source for vocational documentation, as well as case law suggesting that, to deviate from the DOT, a vocational expert must present evidence (such as the claimant's testimony) to justify the deviation.

The flaw in this reasoning, however, is that the ALJ apparently *did* rely on the vocational expert's testimony in determining that Mr. Martinez was capable of returning to his past work. As noted in the Report and Recommendation, this reliance was evidenced by the fact that the ALJ explicitly stated he was accepting the vocational expert's testimony regarding the sedentary nature of the job and found it to be consistent with the DOT. Additionally, the vocational expert apparently relied solely on the DOT description of "market manager," not the earlier testimony of Mr. Martinez, when responding to the ALJ's hypothetical regarding Mr. Martinez's work capacity [*See* Tr. 302-05]. Thus, the ALJ's at least partial reliance on flawed testimony does not vanish into the ether merely because the ALJ *could* have made his determination based wholly on Mr. Martinez's testimony. Insofar as the government has claimed otherwise before this Court, the government's posture was not reasonable.

The government's reliance on *Lewis* is also unavailing. It is certainly true that the *Lewis* court upheld a district court's finding that the government's position was substantially justified even where the ALJ plainly mischaracterized testimony and ignored evidence. *See Lewis*, 281 F.3d at 1083. However, *Lewis* is distinguishable from the present case. While the ALJs in both cases were weighing testimony in making their determinations, the ALJ in *Lewis* did not base his conclusion on the consideration of *erroneous* testimony. Indeed, the *Lewis* court was not presented with a situation where an ALJ strayed from requisite procedure, and *Lewis* does not stand for the proposition that every misstep at the

administrative level should be overlooked in an EAJA fees determination.

Significantly, the government has never disputed that the vocational expert improperly used the market manager DOT description. Nor, apparently, does the government dispute that the ALJ relied on the vocational expert's testimony in making his step four determination. Thus, this Court is hard-pressed to reach the conclusion that the ALJ's deviation from procedures and the government's after-the-fact rationalization of the ALJ's decision were substantially justified.

**B. Reduction of Fees**

The government also asserts that Plaintiff's purported fees are unreasonable because of, for lack of a better word, the *quality* of his arguments and the limited level of success achieved. The Court disagrees.

"A district court's award of attorney fees must be 'reasonable.'" *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). Indeed, under the EAJA, this Court has the discretion to reduce the amount awarded to the prevailing party to the extent that party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(c). Additionally, the Supreme Court has stated that a "reasonable fee" inquiry involves more than determining "the product of reasonable hours times a reasonable rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Rather, courts must also consider the "results obtained." *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (citing *Hensley*, 461 U.S. at 434).

The process for determining a reduction based on so-called "limited success" is two-fold. First, the Court must consider whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded." *Sorenson*, 239 F.3d at 1147 (quoting *Hensley*, 461 U.S. at 434).[2] Second, the Court must also consider whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id*. (quoting *Hensley*, 416 U.S. at 434).

As the government points out, many of Mr. Martinez's arguments before this Court were, to put it mildly, creative. However, the Court declines to second-guess Plaintiff's tactics and motives at this point. Given the hurdles faced by plaintiffs, the "throw everything at the wall and see what sticks" approach is

---

[2] Related claims are those that "involve a common core of facts or are based on related legal theories." *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) (citing *Hensley*, 461 U.S. at 435; *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1465 (9th Cir. 1988), vacated, 490 U.S. 1087 (1989), and reinstated, 886 F.2d 235 (9th Cir. 1989)).

1 certainly not uncommon in the judicial review context, and the mere fact that some arguments had more
2 virility than others does not justify a reduction of fees in this instance. Additionally, Mr. Martinez's limited
3 success in this Court does not warrant a reduction in fees. Under the standard articulated in *Hensley*, Mr.
4 Martinez's claims plainly involved a common core of facts, and his success, while not a complete
5 vindication of his claims, is reasonably reflected in the fees as expressed to this Court. Consequentially, the
6 Court declines to reduce the amount of requested attorney's fees.

### III. CONCLUSION

For the reasons stated above, the Court hereby GRANTS Plaintiff's Motion for Attorney's Fees [Dkt. #19] without reduction and ORDERS that Plaintiff's attorney, Eitan Kassel Yanich, is awarded EAJA fees of $6,613.32 and expenses in the sum of $23.92 pursuant to 28 U.S.C. § 2421 and costs in the sum of $350.00 as set out at 28 U.S.C. § 1920, payable from the Judgement Fund pursuant to 31 U.S.C. § 1304.

IT IS SO ORDERED.

DATED this 20th day of December, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE