THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CESAR L. MARTINEZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 06-5624 RBL<br><br><br>ORDER DENYING SUPPLEMENTAL<br>ATTORNEYS FEES |

Pending before the Court is Plaintiff's Motion for Supplemental Attorney's Fees (Dkt. #25). Plaintiff seeks attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412, for expenses incurred during the course of fee litigation. Defendant argues that this request for supplemental fees is untimely and should denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This dispute arises in the wake of a suit by Mr. Martinez seeking review of a decision by the Commissioner of Social Security that denied him disability benefits. On August 7, 2007, this Court sided with Mr. Martinez and reversed and remanded the case. On November 5, 2007, Mr. Martinez timely applied for $6,613.32 in attorney's fees under the EAJA (Dkt. #19), and the Commissioner contested the application (Dkt. #20). Mr. Martinez' original application stated: "In the event that this Motion is

ORDER
Page - 1

opposed, Plaintiff reserves the right to amend the amount of the EAJA fees requested for the additional time expended."

This Court, on December 27, 2007, granted fees to Mr. Martinez (Dkt. #24). Five months later, on May 29, 2008, Mr. Martinez filed the motion at hand seeking $1,598.02 in expenses incurred during the earlier fee litigation (Dkt. #25).

## II. **ISSUE**

The Commissioner argues that Mr. Martinez' motion is a new EAJA application and is untimely because it was filed more than 30 days after final judgment on the first round of fee litigation—in violation of the EAJA. (Def.'s Resp., p. 3) (Dkt. #26). Mr. Martinez, on the other hand, views his motion not as a new application but as an amendment to his first, timely-filed motion. (Pl.'s Reply, p. 1) (Dkt. # 1). Under Mr. Martinez' view, the doctrine of relation back permits the amendment, and the 30 day limitation is irrelevant.

The Court must decide whether Mr. Martinez' Motion for Supplemental Attorney's Fees is a new application under the EAJA and therefore subject to the 30 day limitation, or if the motion is an amendment that can relate back to Mr. Martinez' earlier, timely EAJA application. Because policy and precedent compel viewing the motion as an amendment, the Court must decide a second issue: whether supplemental fees are warranted in view of the delay between the original fee litigation and the request for supplemental fees (Dec. 27th to May 29th).

## III. **DISCUSSION**

The purpose of the EAJA is "to eliminate the barriers that prohibit small businesses and individuals from securing vindication of their rights in civil actions and administrative proceedings brought by or against the Federal Government." *Scarborough v. Principi*, 541 U.S. 401, 406 (2004), *quoting* H.R. Rep No. 96-1005, at 9 (1980). To achieve this goal, the EAJA awards costs and attorney's fees to parties

prevailing against the Government. 28 U.S.C. §4212(d)(1)(A)-(B). A party seeking attorney's fees must submit an application meeting four criteria: (1) it must show that the party prevailed; (2) it must specify the amount sought; (3) it must allege that the position of the United States was not substantially justified; and (4) it must be filed within 30 days of final judgment. 28 U.S.C. §4212 (d)(1)(B). A court may, in its discretion, limit an award for "conduct which unduly and unreasonably protracted the final resolution . . . ." 28 U.S.C. §4212 (d)(1)(C). Lastly, relation back of amendments has been expressly permitted for EAJA motions. *Scarborough*, 541 U.S. at 417-18 (noting that relation back is equitable doctrine applying to motions as well as pleadings).

Mr. Martinez argues that his motion for supplemental fees, filed on May 29th, relates back to his first EAJA motion, filed on November 5th of last year and amends the amount sought. In response, the Commissioner argues that this is a second EAJA application. As such, Mr. Martinez was required to file it within 30 days of final judgment on the first application. Because this Court granted fees to Mr. Martinez on December 27, 2007, and that judgment became final, under Fed. R. App. P. 4(a)(1)(B), 60 days later—on February 27th—Mr. Martinez would have had to file this second application before March 27th. The Commission contends that because Mr. Martinez did not file this application until May 29th, it must be denied.

    A.    <u>Judicial efficiency requires that Mr. Martinez' current motion be viewed as an amendment rather than a new EAJA application</u>.

In the interest of judicial efficiency, Mr. Martinez' motion for supplemental fees must be viewed as part of one fee litigation rather than as a subsequent application. The Supreme Court endorsed this approach in *Commissioner I.N.S. v. Jean*, 496 U.S. 415 (1990), where a suit brought by Haitian refugees to contest procedures of the Immigration and Naturalization Service devolved into a fee dispute. As in this case, the Refugees were awarded fees under the EAJA and then sought fees for the fee litigation itself.

The Government, however, argued that supplemental fees were inappropriate because the Government was substantially justified in contesting the primary fees. *Id*. at 157. The Refugees, in turn, argued that the fee litigation was part of the whole. They stressed that requiring a new round of litigation to determine if the Government was substantially justified in litigating the earlier fees was duplicitous. *See Id*.

The Supreme Court determined that treating the case as an integral whole was superior to creating a chain of litigation over fees. *Id*. at 162 ("the EAJA favors . . . treating a case as an inclusive whole, rather than as atomized line-items."). Indeed, the Court feared that requiring a subsequent finding of "no substantial justification" would "theoretically . . . spawn a 'Kafkaesque judicial nightmare' of infinite litigation to recover fees for the last round of litigation over fees." *Id*. at 163. Thus, judicial resources are conserved by ensuring that "attorney's fees [do] not result in a second major litigation." *Id*.

In sum, the policy of judicial efficiency compels this Court to treat Mr. Martinez' current motion as an amendment rather than a second application. The issue remains, however, whether the Court should award the supplemental fees.

B.      Supplemental fees are denied because of unreasonable delay.

Mr. Martinez' amendment for supplemental fees must be denied because he offers no reason why this motion comes more than five months after the first round of fees was awarded. This Court, as noted above, may, in its discretion, limit an award for "conduct which unduly and unreasonably protracted the final resolution . . . ." 28 U.S.C. §4212 (d)(1)(C).

The EAJA gives an attorney, at most, 90 days to prepare and file for fees after resolution of the main suit (60 days before judgment becomes final and then 30 days to file). A five month delay in filing a mere amendment is unreasonable when the law provides only 90 days to file the primary application.

Further, a five month delay is unreasonable because Mr. Martinez must have known the number of hours he spent drafting his reply at the time he filed it on November 29, 2007 (Dkt. #21). This

amendment, seeking fees for nine and one-half hours of work, could have been included at that time. Even assuming a valid reason for postponing his amendment until after the Court resolved the original application (e.g., anticipating further expenditure of time and wishing to avoid multiple amendments), Mr. Martinez' absence of justification for his delay compels this Court to deny the motion for supplemental fees.

## IV. CONCLUSION

Although Mr. Martinez' motion is viewed as an amendment to his timely EAJA application, and thus relates back, the Court **DENIES** Plaintiff's Motion for Supplemental Attorney's Fees (Dkt. #25) because the amendment is unreasonably tardy.

Dated this 23rd day of June, 2008

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE